THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY BURTON, Defendant-Appellant.

(No. 55688; )

First District—April 10, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Elliott M. Samuels and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Terry M. Gordon, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

Anthony Burton, the defendant, was indicted for committing the crime of attempt rape. After a bench trial he was found guilty and sentenced to a term of not less than two nor more than eight years in the penitentiary. In prosecuting this appeal the defendant contends that his in-court identification was the product of an unlawful pretrial identification, and should therefore, have been suppressed.

It appears from the record that at approximately 10:00 P.M. on the 7th of August 1969, Margaret Ann Epich was riding on a motorcycle with her husband (at that time her fiance), William Epich, in the vicinity of Root and Wentworth, Chicago, Illinois. As they approached that intersection, their motorcycle stalled and they observed the defendant and three others approaching. A conversation ensued and one of the defendant's companions took Mr. Epich's wallet. One of the defendant's other companions then began to chase Mrs. Epich around the motorcycle. The defendant approached Mrs. Epich, put his arm around her and said that he wanted to talk to her. When she started to walk towards her finance, the defendant pulled her back causing her to fall to the ground. The defendant dragged her to an empty lot, ripped her clothes off and attempted to have sexual intercourse.

While the defendant was with Mrs. Epich in the lot, Mr. Epich was fighting with the defendant's friends. It appears that Mr. Epich was able to kick the defendant in the side and thereby push him off Mrs. Epich. After Mr. Epich pushed the defendant off Mrs. Epich for the third time, someone yelled that the police were coming. The defendant then fled.

When she arrived at the police station, Mrs. Epich described her assailant as a slender male Negro, approximately five feet nine inches tall and weighing about 130 pounds. She further stated that he was dressed in purple and wore a goatee and moustache.

A hearing was had on the motion to suppress the defendant's identification. At the hearing the Epichs both testified that the incident lasted approximately twenty minutes, that the lighing in the area was good, and that they were able to clearly observe the defendant. The court granted the motion so far as it related to the out of court identification (the facts of which are not relevant to this opinion) but further ruled the in-court identification to be admissible due to the fact that the Epichs both had a clear and independent opportunity to view and identify the defendant. The record indicates that Mrs. Epich was shown a single

photograph of the defendant immediately prior to her testifying at the preliminary hearing.

From the record it does not appear that the defendant's identification was the product of the pretrial identifications. The uncontradicted testimony of the Epichs clearly demonstrates that they had a sufficient opportunity to view the defendant at the time of the incident. It should also be noted that the Epichs' initial description of the assailant conformed in every respect to the appearance of the defendant at the time of his arrest. The only reasonable conclusion, based upon these factors, is that the in-court identifications had a source independent from the out of court identifications, and were therefore, properly admitted in evidence. (*People v. Triplett*, 46 Ill.2d 109, *cert*. denied, 401 U.S. 955.) In view of the foregoing, the judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and LYONS, J., concur.